David Polin, SBN # 072273
Law Office of David Polin
10 Keller Street # 100
Petaluma, California 94952
Tel: (707) 765-1909
Fax: (707) 765-1909
Email: davidpolin@att.net

Attorney for Plaintiff

United States District Court for the Northern District of California

CV 08 3511

| | |
|---|---|
| Eliza Rosas,<br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security;<br>    Defendant | Case No.:<br><br>Complaint for Discrimination in Employment on the Basis of Race, Sex (Pregnancy), and Disability [42 USC §§ 2000e(k), 2000e-2]<br><br>DEMAND FOR JURY TRIAL |

## I. JURISDICTION

1. Jurisdiction for this action is with this Court, pursuant to 28 USC § 1331 (federal question); 28 USC 1343(a)(4) (actions to secure rights under federal civil rights statutes); Title VII of the Civil Rights Act, 42 USC § 2000e-5(f)(3); and 29 CFR. § 1614.407(b).

2. This Court also has supplemental jurisdiction over all other claims that are so related to claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution. 28 USC § 1367(a)

## II. PARTIES

3. Plaintiff, Eliza Rosas, is a former employee of the Social Security Administration (SSA) in Santa Rosa, California. Ms. Rosas resigned her position with the SSA on September 25, 2006.

4. Defendant Michael J. Astrue is the Commissioner of Social Security.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about October 27, 2006, PLAINTIFF filed an internal complaint with the SSA, alleging discrimination on the basis of national origin, sex, disability (pregnancy), and parental status.

6. On August 17, 2007, the Agency issued a Final Agency Decision (proceeding No SF-06-2248-SSA), signed by Mark A. Anderson, Associate Commissioner for Civil Rights and Equal Opportunity, in which it found that PLAINTIFF had not been discriminated against as alleged.

7. On or about September 10, 2007, PLAINTIFF filed a complaint with the federal Equal Employment Opportunity Commission (EEOC No. 550-2007-00427), which was assigned to Administrative Judge Linda Overton.

8. On October 19, 2007, Judge Overton issued an Acknowledgment and Order, acknowledging receipt of the complainant's request for a hearing. In that order, Judge Overton ordered that discovery be completed within 90 days from receipt of the order. Assuming 5 days for mailing, the discovery period would have extended to January 20, 2008.

9. On December 18, 2007, the parties made a Request for Extension of Time to Complete Discovery to February 20, 2008, and to extend all attendant deadlines. This extension of 31 days was tacitly granted by Judge Overton.

1      10. On June 25, 2008, PLAINTIFF'S counsel informed Judge Overton and opposing counsel by email that, more than 180 days plus the additional time for discovery (mistakenly estimated at 34 days) having elapsed, PLAINTIFF elected to terminate the EEOC proceeding and bring this action in this Court. Confirmatory email was received from Judge Overton, specifically stating that sufficient time had tolled for Ms. Rosas to proceed to Federal Court, as per 29 C.F.R. 1614.407(b).

## IV. FACTS

11. PLAINTIFF is an unmarried Mexican-American woman. At the time of her hiring, she was the mother of one child.

12. In February 2005, PLAINTIFF was hired by the Social Security Administration as TITLE, under a program called the Federal Career Internship Program (FCIP), which creates a two-year internship period, after which the successful employee becomes a permanent employee.

13. Prior to being hired by SSA, PLAINTIFF was employed full time as an Eligibility Worker with Sonoma County

14. PLAINTIFF was assisting her Spanish-speaking father to apply for Social Security benefits, which so impressed an SSA manager that he invited her to apply for a position.

15. PLAINTIFF was hired by SSA because of her facility in Spanish and her ability to deal with Spanish-speaking applicants, both of which flow from her Mexican heritage. Because of that heritage, she was given a more difficult caseload than non-Spanish-speaking employees. Her position was inherently more difficult because of the translation requirements, and because the Spanish-speaking clientele tends to have more issues of verification.

16. In taking a position with SSA, PLAINTIFF endured an immediate pay cut of approximately $4/hour, in exchange for longer term prospects. PLAINTIFF'S intention and expectation was that she would become a permanent employee of SSA.

17. PLAINTIFF was making satisfactory progress in the FCIP program until June 2006, at which time she informed SSA management that she was pregnant. In quick response to PLAINTIFF'S pregnancy, management immediately initiated a plan to terminate her employment, months before the end of her probationary period. This plain was effectuated by a sudden demand for immediate improvement up to the "journey" performance level. SSA management further tilted the scale by averaging PLAINTIFF'S performance out over a period of 10 months, which extended well into the first year of her internship.

18. In addition to discriminating against PLAINTIFF on the basis of pregnancy, SSA management and training personnel also discriminated against her on the basis of her parental and caregiver status, applying destructive racial and sexual stereotypes, in violation of SSA policy and EEOC Enforcement Guidance, *Unlawful Disparate Treatment of Workers with Caregiving Responsibilities.*

19. By regulation and contract, participants in the FCIP program are expected to "make satisfactory progress toward achievement of promotion to the journey level." They are not required to achieve the journey level within their two-year FCIP appointment.

20. Under official SSA policy, set out in its Personnel Policy Manual, employees under the FCIP program are entitled to the same rights as regular employees after successful completion of one year of internship.

21. The contract between the American Federation of Government Employees (AFGE) and the SSA, in force at the time of the events in question here, provides for a 90-day "performance assistance" period, and another 90 days under a "Performance

1 | Enhancement Plan". In violation of that contrast, the PLAINTIFF was granted only 30
2 | days to improve to the journey level of performance, though she was only 18 months into
3 | a 2-year internship.
4 |     22. The SSA, through its actions and the words of managerial personnel,
5 | beginning in July 2006, made it known to PLAINTIFF that she was almost certainly
6 | going to be fired from her position, leaving her unemployed and with no benefits in the
7 | last several months of her pregnancy. The PLAINTIFF therefore decided rationally to
8 | resign and return to work with Sonoma County.

## V. CAUSES OF ACTION

    23. By its actions, defendant SSA discriminated against PLAINTIFF on the bases of race, sex, and pregnancy. It thereby violated Title VII of the Civil Rights Act, its own regulations concerning equal employment opportunity, the contractual rights of PLAINTIFF as a participant in the FCIP, and its contract with the AFGE, resulting in the PLAINTIFF'S constructive discharge. As a proximate result of defendant's actions, PLAINTIFF suffered pecuniary losses, physical pain and suffering, and mental and emotional distress.

## VI. PRAYER

    24. PLAINTIFF prays for compensatory damages according to proof for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, as allowed by 42 USC § 1981(a)(3).

    25. PLAINTIFF prays for reinstatement with back pay, or for front pay if not reinstated, and for such other equitable relief as the Court deems appropriate, as allowed by 42 USC 2000e-5(g)(1).

## VII. JURY TRIAL DEMAND

26. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF demands a jury trial.

Date 7/21/08

_____
(Signature of the attorney)

David Polin
(Printed name)

10 Keller Street # 100, Petaluma, California 94952
(Address)

davidpolin@att.net
(E-mail address)

707-765-1909
(Telephone number)